UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| PORTUS SINGAPORE PTE LTD, | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| - against - | : | |
| | : | |
| KENYON & KENYON LLP, JEFFREY S. GINSBERG, and AARON GRUNBERGER, | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Portus Singapore Pte Ltd ("Portus"), by and through its counsel, Patterson Law Firm, LLC, and Marc J. Bern & Partners LLP, complains of Defendants, Kenyon & Kenyon LLP ("Kenyon"), Jeffrey S. Ginsberg ("Ginsberg"), and Aaron Grunberger ("Grunberger") (collectively, "Defendants"), as follows:

## Introduction

1. This is an action sounding in legal malpractice against Defendants, who have represented Portus with regard to Portus' patent portfolio for more than a decade. The claim arises out of Defendants' negligent acts and omissions while (1) failing to competently manage Portus' patent portfolio and (2) failing to disclose to Portus or to obtain from Portus consent for a concurrent conflict of interest.

2. After protracted prosecution—due directly to Defendants' omissions—of one of Portus' highly valuable smart home and internet protocol ("IP") video surveillance patents—with infringement targets and licensees including industry leaders ADT, Amazon, Apple, AT&T, Bosch, Cisco, Comcast, Google (Nest), Honeywell, iControl, Insteon, Lowes, Microsoft,

Milestone Systems, Netatmo, Samsung, Schneider Electric, and Wink—Defendants' negligent acts and omissions resulted in the loss of at least three years of patent term. As a direct and proximate result of Defendants' negligence, Portus has suffered actual damages.

3. Following the United States Patent and Trademark Office's ("USPTO") dismissal of Portus' petition to convert its application on patent term adjustment grounds—which directly resulted in the lost term—it was further discovered that, while simultaneously representing Portus in the prosecution of its smart home and IP video surveillance patent, Defendants were also representing one of Portus' patent assertion targets, Bosch, in the same domain. This conflict of interest has never been disclosed by Defendants.

4. Through the present action, Portus seeks recovery of the actual damages suffered as a result of the lost patent term, as well as fees paid to Defendants, rendered valueless as a result of Defendants' negligent and conflicted representation, and fees paid to subsequent counsel for all remedial efforts.

**The Parties**

5. Plaintiff, Portus, is a Singapore-based and industry-leading company providing smart home and smart grid solutions. Its registered address is 6 Shenton Way, #41-01 OUE Downtown 1, Singapore.

6. Defendant, Kenyon, is a New York limited liability partnership with its principal place of business located at One Broadway, New York, New York 10004. At all times material to this Complaint, Kenyon has operated as a law firm and has been actively engaged in the practice of law.

7. Defendant, Ginsberg, is an attorney who, at all times relevant to this Complaint, was licensed to practice law in the State of New York and before the United States Patent and

Trademark Office and was acting as an agent of Kenyon within the course and scope of his employment with Kenyon.

8.      Defendant, Ginsberg, has also served as an assistant editor of Intellectual Property Strategist, an online newsletter published by Law Journal Newsletters, and as an editor of CAFC Blog, Kenyon's blog covering the latest intellectual property decisions by the Federal Circuit Court of Appeals.

9.      Defendant, Grunberger, is an attorney who, at all times relevant to this Complaint, was licensed to practice law in the State of New York and before the United States Patent and Trademark Office and was acting as an agent of Kenyon within the course and scope of his employment with Kenyon.

## Basis for Jurisdiction and Venue

10.     The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

11.     Jurisdiction in this action is based on diversity of citizenship of Plaintiff and Defendants pursuant to 28 U.S.C. § 1332, with venue proper in this District pursuant to 28 U.S.C. § 1391.

## General Allegations

A.      **Defendants' Failure to Secure Patent Term Adjustment**

12.     On December 17, 1998, Portus filed a patent application in Australia covering any connection to a remote site that occurs in response to a user logging in through a web browser or mobile device to an internet address, where a login server at that address determines the connection details for the remote site and creates a connection to the remote site. The patent also covers what happens when an event is detected at a remote site and how a connection is

automatically made from the remote site to a service provider network where information related to that event can be stored and automatically sent to users in the form of an alert.

13. Under the protection of this patent, Portus has developed valuable and industry-leading smart home systems, including IP video surveillance solutions for use in homes and offices. Portus has also licensed the technology to three other industry-leading companies—Apple, Cisco, and Comcast—for use in their own smart home systems and technologies.

14. In 2001, the patent was filed through the Patent Cooperation Treaty, an international patent law treaty that provides a unified procedure for filing patent applications to protect inventions in each contracting state. And, accordingly, the patent entered into the United States national phase under application number US 09/868,417.

15. In January of 2005, Portus received its first USPTO office action. Ginsberg prepared the initial response. Thereafter, Grunberger took the lead on the patent prosecution on behalf of Portus with Ginsberg continuing his involvement in a supervisory role.

16. In response to the 2005 office action, Defendants failed to convert the application by filing a continuation of the international application. Doing so would have secured patent term adjustment rights that would have enabled Portus to extend the term of the patent.

17. Under the American Inventors Protection Act, a law that had come into effect in November of 1999, Portus was entitled to patent term adjustment so long as a petition was filed within a reasonable amount of time of Defendants' knowledge of a potential patent term adjustment issue.

18. The January 2005 office action provided notice to Defendants of a patent term adjustment issue.

19. In August of 2014, more than nine years after Defendants had been made aware of the patent term adjustment issue, Defendants advised Portus that Portus was entitled to an additional three and a half years of patent term. See true and accurate copy of Grunberger's email to Tim Lindquist, attached hereto as "Exhibit A."

20. Later that month, Defendants filed a petition to claim benefit of the international application in order to extend the patent term.

21. In September of 2014, the petition was dismissed by the USPTO. The Decision is attached hereto as "Exhibit B."

22. The basis for the dismissal was specifically stated to be Defendants' failure to convert the application on patent term adjustment grounds within a reasonable time after the January 2005 office action.

23. The decision specifically noted that Defendants could have filed a continuing application claiming benefit of the international application, "which would have secured the desired patent term adjustment rights." Ex. B at 3.

24. The decision further stated the following:

> In the present case, a request to convert the application on patent term adjustment grounds should have been made within a reasonable time after the mailing of the non-final rejection on 10 January 2005. Instead a petition was not filed until more than nine years after applicant was aware of a potential patent term adjustment issue. Accordingly, it would not be appropriate to grant the requested relief in the present situation. Ex. B at 3.

25. The decision clearly indicates not only that Portus had been entitled to patent term adjustment had Defendants timely filed the continuing application, but also that Defendants' failure to do so was the direct cause of the petition's dismissal and Portus' loss of patent term.

**B.     Defendants' Conflicted Representation**

26.     In 2008, without notice to or consent from Portus, Defendants—and Ginsberg in particular—appeared on behalf of Bosch, a leading supplier of smart home systems and IP video surveillance solutions, in an intellectual property case. That case was unrelated to smart home and IP video surveillance systems.

27.     In 2011, again without notice to or consent from Portus, Ginsberg once again appeared on behalf of Bosch, this time defending against an infringement action brought against Bosch in the smart home and IP video surveillance domain.

28.     In addition to defending Bosch, Kenyon has also prosecuted patents on behalf of Bosch in the smart home and IP video surveillance domain.

29.     Throughout its representation of Bosch, Defendants were simultaneously representing Portus in its prosecution of its patent portfolio.

30.     Bosch was a potential infringement and licensee target in the patent prosecution, yet Defendants never notified Portus about its representation of Bosch.

31.     Defendants continued to represent Portus in its patent prosecution despite obtaining neither consent nor waiver of any conflict.

32.     In February of 2015, Portus provided Defendants with an infringement analysis with claim charts for a utility deployment of IP video surveillance based on Bosch Video Management System and IP cameras. Portus sought Defendants' legal opinion as to whether such a deployment would infringe Portus' patent claims.

33.     To this date, Defendants have never disclosed a potential conflict of interest to Portus.

### **Count I – Legal Malpractice (As To All Defendants)**

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. At all times material to this action, an attorney-client relationship existed between Portus and Defendants.

36. A duty owed by Defendants to Portus arose out of this attorney-client relationship.

37. This duty required that Defendants exercise the same degree of care that a reasonably prudent attorney would have exercised under the same circumstances.

38. Defendants breached this duty through their negligent acts and omissions, including, without limitation:

    a. Failing to keep abreast of changes in the law in direct violation of Rule 1.1 of the Rules of Professional Conduct;

    b. Negligently failing to timely file a continuing application;

    c. Negligently failing to disclose a concurrent conflict of interest; and

    d. Negligently engaging in representation involving concurrent conflicts of interest in direct violation of Rule 1.7 of the Rules of Professional Conduct.

39. As a direct and proximate result of Defendants' breaches, Portus suffered actual damages, including, without limitation:

    a. Loss of valuable patent term resulting from Defendants' failure to timely file a continuing application;

    b. Fees paid to Defendants, rendered valueless by Defendants' negligent and conflicted representation; and

      c.      Fees paid to subsequent counsel for otherwise unnecessary remedial work resulting from Defendants' negligence.

40.      But for Defendants' negligence, Portus would not have suffered an injury.

## Demand for Jury Trial

41.      Plaintiff, Portus Singapore Pte Ltd, demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Portus Singapore Pte Ltd, respectfully requests that this Court enter judgment in its favor and against Defendants, Kenyon & Kenyon LLP, Jeffrey S. Ginsberg, and Aaron Grunberger, for compensatory damages in an amount to be proven at trial but no less than $75,000.00, for the disgorgement of all fees claimed due and previously paid, and for all other relief this Court deems just and appropriate.

Dated:  August 31, 2016                Respectfully Submitted,

PATTERSON LAW FIRM, LLC          MARC J. BERN & PARTNERS LLP
Jefferey Ogden Katz, Esq.*
Eric J. Chisholm, Esq.*
One North LaSalle Street                 By: _____/s/ Marc J. Bern_____
Suite 2100                                         Marc J. Bern, Esq.
Chicago, Illinois  60602
(312) 223-1699                         60 East 42nd Street, Suite 950
                                                 New York, New York  10165
                                                 (212) 702-5000

*Attorneys for Plaintiff*

\* *Pro hac vice* applications forthcoming